UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 02 CR 1100 |
| | ) | Judge Joan B. Gottschall |
| RICHARD GARVIN | ) | |

## PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, RICHARD GARVIN, and his attorney, KAREN M. PLANT, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 02 CR 1100.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, RICHARD GARVIN, and his attorney, KAREN M. PLANT, have agreed upon the following:

1.     Defendant acknowledges that he has been charged in the indictment in this case with making a false statement in violation of Title 18, United States Code, Section 1001(a)(3).

2. Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crime with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to the indictment in this case.

5. Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt: On or about October 30, 2002, in the Northern District of Illinois, Eastern Division, defendant knowingly and willfully did make and use a false writing and document in a matter within the jurisdiction of the judicial branch of the government of the United States, knowing the same to contain materially false, fictitious, and fraudulent statements, namely, defendant filed and caused to be filed with the Office of the Clerk of Court for the United States District Court for the Northern District of Illinois, an appearance as an attorney in a pending matter using a false name and the attorney registration number for another individual, when in fact defendant knew these statements were materially false, fictitious, and fraudulent.

Specifically, the defendant was a practicing lawyer in Illinois since 1978. The defendant was barred from practicing law by the Illinois Supreme Court and by the Executive Committe of the United States District Court for the Northern District of Illinois, effective September 22, 2000. On October 30, 2002, the defendant filed an appearance with the Office of the Clerk of Court for the United States District Court for the Northern District of Illinois as an attorney in a pending civil case. On the appearance form, the defendant used the name and attorney registration number of an individual he knew to be a practicing lawyer in Illinois ("Individual A"). At the time the defendant

2

filed the appearance he knew that it contained false statements. The defendant was paid approximately $500 for filing the answer on behalf of the defendant in the civil case (the "client").

On or about November 14, 2002, the defendant appeared in the Northern District of Illinois before Judge Rebecca R. Pallmeyer on behalf of the client and falsely identified himself as Individual A.

6.      For purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, the parties agree on the following points:

(a)      This plea agreement is governed by the November 2002 edition of the Guidelines Manual.

(b)      Based on Guideline § 2B1.1(a), the base offense level for the offense is level 6.

(c)      Based on Guideline § 2B1.1(b)(7), the base offense level is increased by 2 levels because the offense involved the violation of a prior judicial order which prohibited the defendant from practicing law in Illinois. Since the resulting offense level is less than level 10, pursuant to Guideline § 2B1.1(b)(7) the offense level is increased to 10.

(d)      Based on Guideline § 3B1.3, the offense is increased by 2 levels, to a level 12, because the defendant abused a position of trust.

(e)      Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for his actions, within the meaning of Guideline 3E1.1, a two-level reduction in the offense level is appropriate.

(f)     On or about December 18, 1990, the defendant was convicted in the United States District Court for the Northern District of Illinois, of tax fraud and sentenced to 60 days work release and 3 years of probation. Pursuant to Guideline § 4A1.2(e), zero criminal history points are assigned to this conviction.

(g)     Based on the facts known to the government the defendant's criminal history points equal 0, and the defendant's criminal history category is I.

(h)     The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

7.     Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or Court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

8.     Defendant understands the count to which he will plead guilty carries a maximum penalty of 5 years imprisonment and a maximum fine of $250,000, and any restitution ordered by

4

the Court. Defendant understands that this count also carries a term of supervised release of at least two but not more than three years which the Court may specify.

9. The defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, the defendant will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed. The defendant agrees to pay the special assessment of $100 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

10. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order for the trial to be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e)     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

11.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

12.     Defendant understands that the indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

13.     Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

14.	At the time of sentencing, the parties are free to recommend whatever sentence they deem appropriate.

15.	It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and, subject to the limitations of the sentencing guidelines, may impose the maximum penalties as set forth in paragraph 8 above. The defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

16.	Defendant understands that his compliance with each part of the Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. He further understands that in the event he violates the Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in the Plea Agreement, or to resentence the defendant. The defendant understands and agrees that in the event that the Plea Agreement is breached by the defendant, and the government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of the Plea Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of the Plea Agreement and the commencement of such prosecutions.

17.	Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

18.     Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

19.     Should the judge refuse to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

20.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: A·18·03

PATRICK J. FITZGERALD
United States Attorney

RICHARD GARVIN
Defendant

JAMES E. BARZ
Assistant United States Attorney

KAREN M. PLANT
Attorney for Defendant